CHARLES H. ALLEN, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

Under the act of 1895 (Chapter 4400, Laws of Florida), the evidence alone of the accused, when sufficient in itself for that purpose, will authorize the introduction of evidence of the violent and dangerous character of the deceased. This case governed by the decision in *Hart v. State*, decided at the present term.

Writ of Error to the Circuit Court for Calhoun county.

The facts in the case are stated in the opinion.

*Calhoun & Hines*, for Plaintiff in Error.

*W. B. Lamar*, Attorney-General, for the State.

MABRY, C. J.:

The charge against the plaintiff in error was murder in the first degree, and he was convicted and sentenced for muder in the second degree. The case is here on

writ of error upon the refusal of the trial judge to grant a motion for a new trial made by the accused.

The judgment will have to be reversed on account of the error of the judge in refusing to allow the accused to prove the general reputation of the deceased in the community in which he lived as being a violent and quarrelsome person. We do not decide in this case whether or not the State's evidence left it in doubt as to who commenced the difficulty that resulted in the death of the deceased, as we are satisfied that the testimony of the accused laid a sufficient foundation for the introduction of evidence of the violent and dangerous character of the deceased. After the testimony for the State was closed the accused was introduced as a witness and testified both upon the direct and cross-examination, and in his testimony a sufficient predicate, according to the rule established by our decisions, was laid for the admission of evidence by general reputation of the violent character of the deceased. Testimony tending to prove such character was then offered by the accused and the court excluded it on the ground that no proof of any overt act on the part of the deceased had been proven. This ruling was evidently based upon the view that the testimony of an accused alone is not sufficient to authorize the admission of such evidence, as it can be sustained upon no other view. We have already decided at this term of the court (Hart vs. State, *ante*) that under the act of 1895 (Chapter 4400) the testimony of the accused alone, when sufficient in itself for that purpose, will authorize the admission of proper evidence of the violent and dangerous character of the deceased, and, according to this decision, the ruling of the court in the present case was clearly erroneous. Our views as to the status

·of the accused as a witness, when testifying in a case under the act of 1895, are sufficiently expressed in Hart's case, and they need not be repeated here.

The exception to the order of the argument before the jury is not considered on this record. The State waived the opening argument, and after defendant's ·counsel had been heard, the State Attorney and As-·sistant State Attorney were permitted to argue before the jury in reply. To what extent the argument in reply went is not shown, and without considering this ·exception the judgment will be reversed and a new trial directed for the error in refusing to admit the evidence offered by the accused. Order to be entered ·accordingly.